# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# CASE NO. 9:17-CV-81004-ROSENBERG/HOPKINS

**Bankruptcy Case No.: 13-13096-PGH**

In re:

JEFFREY MARC SISKIND,

    Appellant.

_____/

## **OPINION AND ORDER**

This matter is before the Court upon Appellant's Initial Brief [DE 12] on its appeal of the four text-only Orders entered on August 16, 2017 in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"), Bankruptcy Case No. 13-13096-PGH and Adversary Case No. 17-01263-PGH. The Court has carefully considered Appellant's brief and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Court affirms the orders below.

This action arises from a Chapter 11 bankruptcy proceeding, Case No. 13-13096-PGH (the "Chapter 11 Proceeding") currently pending before the Honorable Paul G. Hyman and a related adversary proceeding, Adversary Case No. 17-01263-PGH (the "Adversary Proceeding") also pending before Judge Hyman. On August 16, 2017, Judge Hyman entered four text-only orders—one in the Chapter 11 proceeding at docket entry 575 and three in the Adversary Proceeding at docket entries 44, 45, and 46—requiring Appellant to pay $250 as a sanction for Appellant's failure to specify specific addresses in certain certificates of services filed with the Bankruptcy Court.

Appellant raises four arguments on appeal: (1) the Bankruptcy Court erred in imposing sanctions based on Appellant's failure to "specify specific addresses upon which parties were served" when Bankruptcy Local Rule 2002-1(F) and Bankruptcy Local Form 46 permit incorporating by reference names and addresses from a notice of electronic filing generated by CM/ECF; (2) the Bankruptcy Court lacked authority to impose monetary sanctions; (3) the Bankruptcy Court lacked authority to require Appellant to pay sanctions either to the Clerk of Court or a designated voluntary bar association; and (4) the Bankruptcy Court acted arbitrarily and capriciously by imposing sanctions against Appellant in the case below when it did not impose sanctions in other cases against other parties.

## DISCUSSION

### A. <u>Standard of Review</u>

Decisions regarding the imposition of sanctions are reviewed for an abuse of discretion. *See Franken v. Mukamal*, 449 F. App'x 776, 778 (11th Cir. 2011); *In re Walker*, 532 F.3d 1304, 1308 (11th Cir. 2008). Applying this standard, a reviewing court "'must affirm unless [it] find[s] that the lower court has made a clear error of judgment, or has applied the wrong legal standard.'" *Walker*, 532 F.3d at 1308 (quoting *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1238 (11th Cir. 2007)). The reviewing court "may affirm on any legal ground supported by the record." *Id.*

### B. <u>Orders in the Adversary Proceeding</u>

Although identified in his Notice of Appeal, Appellant does not address the three orders entered in the Adversary Proceeding in his brief. Accordingly, he is deemed to have waived any challenge to those orders. *See Ivy v. Ford Motor Co.*, 646 F.3d 769, 773 (11th Cir. 2011) (citing

*N. Am. Med. Corp. v. Axiom Worldwide Inc.*, 522 F.3d 1211, 1217 n.4 (11th Cir. 2008) ("Because [plaintiff's] brief on appeal fails to challenge this aspect of the district court's ruling . . . . [plaintiff] has waived the issue. This circuit has consistently held that issues not raised on appeal are abandoned.").

    C.    **<u>Order [DE 575] in the Chapter 11 Proceeding</u>**

Appellant argues that the Bankruptcy Court erred in imposing sanctions against him for failing to "specify specific addresses upon which parties were served" when Local Rule 2002-1(F) and Local Form 36 permit a party to incorporate by reference a "Notice of Electronic Filing" ("NEF") in the certificate of service.[1] Specifically, Local Rule 2002-1(F).

Pursuant to Local Rule 2002(F), after filing a request for relief with the court, parties are required to file a certificate of service that "shall list the names and addresses and date and manner of service of all parties required to be served." Local Rule 2002-1(F). The rule permits a "Notice of Electronic Filing" ("NEF") to be "incorporated by reference in the certificate of service for the purpose of identifying those parties who were served electronically . . . ." *Id*. However, the certificate of service must also identify those parties who do not receive notice in a NEF and state the specific manner in which those individuals were served. Appellant's certificate of service stated only that the filed motion and notice were "served upon all appropriate parties in this matter by CM/ECF or U.S. Mail on or before August 6, 2017, in accordance with information on the attached official mailing matrix." *See* Case No. 13-13096-PGH at docket entry 571. However, Appellant did not identify which parties received notice by U.S. Mail, as required by Local Rule 2002-1(F). Appellant failed to comply with the requirements of the local

---

[1] All references to the "Local Rules" in this Order are to the Local Rules of the U.S. Bankruptcy Court for the Southern District of Florida.

rule and, by doing so, deprived the Bankruptcy Court of the opportunity to confirm that all interested parties had received timely, effective notice of the relief requested and thus required cancellation of the scheduled hearing.

Appellant argues next that the Bankruptcy Court lacked authority to impose monetary sanctions against Appellant. Initial Brief at 10-11. Appellant acknowledges that the Bankruptcy Court has authority under both 11 U.S.C. § 105(a) and Local Rule 1001-1(D) to impose sanctions. But contrary to Appellant's contentions, both § 105(a) and Local Rule 1001-1(D) authorize a broad range of possible sanctions.

The Bankruptcy Court can impose sanctions by invoking its statutory powers conferred by 11 U.S.C. § 105, which provides that:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Under § 105(a), "the court may take ***any action*** 'necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.'" *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1273 (11th Cir. 2009). This authority granted by § 105(a) is broad and authorizes a court to "impose sanctions if a party violates a court order or rule." *Id.* (citing *Jove Eng'g, Inc. v. I.R.S.*), 92 F.3d 1539, 1556 (11th Cir. 1996)).

Additionally, the Local Rules of the Bankruptcy Court, promulgated pursuant to Fed. R. Bankr. P. 9029, authorize the Bankruptcy Court to impose sanctions for the failure to comply with the Local Rules. *See* Local Rule 1001-1(D) ("The court, on its own or on the motion of any

interested party, may impose sanctions for failure to comply with these rules . . . ."); *see also In re Gleason*, Case No. No. 11–62406–CIV, 2012 WL 463924 (S.D. Fla. Feb. 13, 2012) (recognizing Bankruptcy Court's authority to impose sanctions under Local Rule 1001-1(D) for failure to comply with the Local Rules). Again, the language of the rule belies Appellant's argument that it does not authorize monetary sanctions: "The court, on its own or on the motion of any interested party, may impose sanctions for failure to comply with these rules, ***including***: striking of papers filed with the court, dismissal of proceedings, dismissal or conversion of cases, ***or as may otherwise be appropriate under the circumstances***." Local Rule 1001-1(D) (emphasis added). The rule identifies a non-exhaustive range of possible sanctions, which include any sanction that may be "appropriate under the circumstances." Moreover, as the rule authorizes the severe sanction of dismissal of proceedings, it surely also authorizes a less severe sanction of monetary sanctions.

Appellant also argues that the Bankruptcy Court erred in imposing sanctions without first making a finding of bad faith. In support of his position, Appellant cites cases regarding a court's inherent power to impose sanction. *See* Initial Brief at 10. The Bankruptcy Court's authority to impose sanctions under § 105(a) and the Local Rules is, however, distinct from its authority to sanction pursuant to its inherent powers. *See Jove Eng'g, Inc.*, 92 F.3d at 1543 (noting that § 105(a) is distinct from the court's inherent powers). Although the Bankruptcy Court did not specify the source on which it relied in sanctioning Appellant, it nonetheless had the authority to impose sanctions under both § 105(a) and Rule 1001-1(D) based on a violation of the rules and was not required to make a finding of bad faith.

5

Appellant argues next that the Bankruptcy Court erred by imposing sanctions against Appellant under the particular circumstances of this case and not against other parties in other unrelated cases. Appellant cites no legal authority for this proposition and the Court cannot conclude that the Bankruptcy Court abused its discretion in imposing sanctions against Appellant here. A court abuses its discretion if it "applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *John Richards Homes Building Co. v. Adell (In re Adell)*, No. 03-23684-ALP, 2008 WL 746833, at *1 (M.D. Fla. March 18, 2008) (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001)) (internal quotation marks omitted). Short of that, an abuse-of-discretion standard recognizes that a range of choices exists within which the lower court will not be reversed even if this Court might have reached a different decision. *Id.* (citing *Siebert v. Allen*, 506 F.3d 1047, 1049 n.2 (11th Cir. 2007)). Here, having found that Appellant failed to comply with the court's rules regarding the identification of parties in a certificate of service, the Bankruptcy Court was authorized to impose sanctions for that failure. The fact that the court may not have imposed sanctions in other cases for similar conduct does establish an abuse of discretion.

Finally, Appellant cites no authority for his remaining arguments that the Bankruptcy Court was not authorized to instruct Appellant to pay sanctions to the clerk or a voluntary bar association and the Court finds this argument to be without merit.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that the Bankruptcy Court's Order is **AFFIRMED**, and Appellant's appeal is **DENIED**. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 31st day of January, 2018.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record